UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

    Plaintiff,

v.

Civil Case No. 22-11996
Honorable Linda V. Parker

STATE OF MICHIGAN EMPLOYEES
AND COURT OFFICIALS,

    Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff is a serial filer who has brought a number of lawsuits against various defendants in this District, including a 2021 action against "Officers of the Court in the State of Michigan, Judges, and Court Personnel," which was summarily dismissed.[1] *See* Order Dismissing Complaint, *Rogers v. Officers of the*

---

[1] Plaintiff's previous lawsuits include: (i) *Rogers v. Ricks*, No. 20-cv-12100 (filed July 27, 2020) (Judge Ludington); (ii) *Rogers v. Friend of the Court, et al.*, No. 19-cv-12954 (filed Oct. 18, 2019); (iii) *Rogers v. State of Mich.*, No. 18-cv-11064 (filed Mar. 28, 2018) (Judge Drain); (iv) *Rogers v. Battles, et al.*, No. 16-cv-13857 (filed Oct. 27, 2016) (Judge Goldsmith); (v) *Rogers v. Mich. Attorney Gen., et al.*, No. 16-12509 (filed June 30, 2016) (Judge Lawson); (vi) *Rogers v. State of Mich., et al.*, No. 16-cv-11155 (filed Mar. 25, 2016) (Judge Lawson); (vii) *Rogers v. Crawford, et al.*, No. 16-cv-10063 (filed Jan. 7, 2016) (Judge Lawson); (viii) *Rogers v. State of Mich. Circuit Ct.*, No. 16-cv-10136 (filed Jan. 13, 2016) (Judge

*Court in the State of Mich., et al.*, No. 21-12945 (E.D. Mich. Jan. 27, 2002), ECF No. 4.  Plaintiff is now attempting to sue unnamed state court employees and officials based on some of the same allegations, such as the alleged illegal use of his name and social security number, the mafia, organized crime, bribery, and child support arrearages.

Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief includes: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for relief sought."  A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id.* (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, pro se pleadings still must satisfy basic pleading

---

O'Meara); (ix) *Rogers v. Mich. Judicial Tenure Comm'n, et al.*, No. 15-cv-14211 (filed Nov. 23, 2015) (Judge Lawson).

requirements.  *See Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Plaintiff's Complaint fails to satisfy Rule 8.  Like Plaintiff's assertions in the previous lawsuits that he filed, the allegations in his pending Complaint are puzzling and the Court lacks subject matter jurisdiction over his claims.

Accordingly,

**IT IS ORDERED** that this action is summarily dismissed as legally frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 16, 2022


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager